# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ANNA RENEE BURKE, | ) |
| | ) |
| Plaintiff, | ) Case No. 21 C 5874 |
| | ) |
| v. | ) |
| | ) Judge Jorge L. Alonso |
| CHICAGO PUBLIC SCHOOLS #299, | ) |
| and CHICAGO BOARD OF | ) |
| EDUCATION, | ) |
| | ) |
| Defendants. | ) |

## ORDER

This case is dismissed without prejudice for want of jurisdiction. Plaintiff's petitions to proceed *in forma pauperis* [9, 11] are denied as moot. If plaintiff wishes to proceed with this suit, she must file, by February 11, 2022, an amended complaint that adequately alleges a basis for this Court's jurisdiction. If plaintiff chooses to file an amended complaint, then she must also, by February 11, 2022, either pay the filing fee or file a new and accurate petition to proceed *in forma pauperis*.

## STATEMENT

On November 5, 2021, this Court denied plaintiff's petition to proceed *in forma pauperis* and granted her 35 days in which to pay the filing fee. Plaintiff did not pay the filing fee. Instead, plaintiff filed two new petitions to proceed *in forma pauperis* and has filed two amended complaints.

When a plaintiff files an amended complaint, the amended complaint supersedes and renders void all previously-filed complaints. *Flannery v. Recording Industry Assoc. of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004) ("It is axiomatic that an amended complaint supersedes an original complaint and renders the original complaint void."). Thus, the operative complaint in this case is the amended complaint [Docket 12], and the allegations in plaintiff's prior complaints are no longer part of this case.

In her amended complaint [12], plaintiff Anna Renee Burke ("Burke") alleges that defendants have violated the rights of "[a]ll students in the Cook County Juvenile Detention Center" under the Individuals with Disabilities Education Act ("IDEA"). Plaintiff is concerned that "Covid-19 is killing people" and that students should be sent "home to safer environments[.]"

The problem with the amended complaint is that Burke has no standing to sue on behalf of students in the juvenile detention center. As she admits in her amended complaint, she has no relationship to the students other than as a "concerned citizen." [Docket 12 at p. 6].

Federal courts are courts of limited jurisdiction. Every federal court has an obligation to ensure that it has jurisdiction over the cases before it. *Scott Air Force Base Prop., LLC v. County of St. Clair Ill.*, 548 F.3d 516, 520 (7th Cir. 2008). This Court does not have jurisdiction over this case if the plaintiff lacks standing to sue. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 337-38 (2016).

Standing is not about the merits of a claim; it is a question of whether a particular plaintiff is a suitable one to fight the battle. *Flast v. Cohen*, 392 U.S. 83, 99-100 (1968) ("[W]hen standing is placed in issue in the case, the question is whether the person whose standing is challenged is a proper party to request adjudication of a particular issue and not whether the issue itself is justiciable."). Standing requires a personal stake in the litigation. As the Supreme Court explained many years ago:

> [T]he standing question is whether the plaintiff has 'alleged such a personal stake in the outcome of the controversy' as to warrant *his* invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on *his* behalf. *Baker v. Carr*, 369 U.S. 186, 204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663 (1962). The Art. III. judicial power exists only to redress or otherwise to protect against injury *to the complaining party*, even though the court's judgment may benefit others collaterally.

*Warth v. Seldin*, 422 U.S. 490, 498-99 (1975) (emphasis added).

Plaintiff, as the party who brought the case to federal court, bears the burden of establishing standing "with the manner and degree of evidence required at the successive stages of the litigation." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Here, at the pleadings stage, allegations will suffice. *Lujan*, 504 U.S. at 561; *see also Spokeo*, 578 U.S. at 338 ("Where, as here, a case is at the pleadings stage, the plaintiff must 'clearly . . . allege facts demonstrating' each element [of standing].") (quoting *Warth*, 422 U.S. at 518). The "irreducible constitutional minimum of standing contains three elements." *Lujan*, 504 U.S. at 559-60. A plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo*, 578 U.S. at 338.

Here, plaintiff has not alleged that *she* has suffered any injury. She does not, for example, allege that she is one of the affected juvenile students. (Nor could she: she is not a juvenile. Her *in forma pauperis* petition makes clear she is over the age of 40. [Docket 11 at p. 29]. Instead of alleging an injury that she has suffered, she alleges that third parties (the students) have been injured. She has no standing to sue on their behalf. As plaintiff admits in her complaint, she is not a parent of or attorney for the students she claims have been injured. [Docket 12 at p. 6]. She alleges she is merely a "concerned citizen." [Docket 12 at p. 6].

Plaintiff is not the proper party to sue on this claim. She has no standing, which means the Court lacks jurisdiction. This case is dismissed for want of jurisdiction.

Because this case is dismissed for want of jurisdiction, plaintiff's petitions [9, 11] to proceed *in forma pauperis* are denied as moot.

Date: 1/5/2022

Jorge L. Alonso
United States District Judge